**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
SEAN MILSON,                        :
                                    :     Civil Action No.  11-6117(SDW)
              Petitioner,           :
                                    :
         v.                         :     OPINION
                                    :
ERIC H. HOLDER, JR., et al.,        :
                                    :
              Respondents.          :
```

**APPEARANCES:**

**SEAN MILSON**, Petitioner pro se
A 038-569-144
Elizabeth Detention Center
625 Evans Street
Elizabeth, N.J. 07201

**DANIEL SHAY KIRSCHBAUM,** Counsel for Respondents
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, N.J. 07102

**WIGENTON**, District Judge

Petitioner Sean Milson ("Petitioner"), an alien detained in connection with removal proceedings and currently confined at the Elizabeth Detention Center, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner names

---

[1] Section 2241 provides in relevant part:

>  (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>  (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution

Eric H. Holder, Jr., Roy L. Hendricks and John Tsoukaris as respondents.

For the reasons set forth below, the petition will be dismissed as moot.

## I. BACKGROUND

Petitioner is a native and citizen of Jamaica. (Petition ¶ 1.)  He was admitted to the United States on November 2, 1983. (Resp't's Ans., Declaration of Lance Kovac, "Kovac Decl." ¶ 4 & Ex. A.)  In 1990, he was convicted of Possession of a Controlled Dangerous Substance with Intent to Distribute, to wit: Cocaine, in violation of N.J. Stat. Ann. § 2C:35-5A1/B2.  (Id. at ¶ 5 & Ex. A.)  In 2008, he was convicted of Possession of More than 50 Grams of Marijuana or 5 Grams of Hashish, in violation of N.J. Stat. Ann. § 2C:35-10(A)(3), and was sentenced to 18 months in prison.  (Id. at ¶ 6 & Ex. B.)  On March 23, 2010, the Department of Homeland Security (DHS) served Petitioner with a Notice to Appear, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of the aggravated felony of illicit trafficking in a controlled substance, and under 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of a controlled substance violation.  (Id. at ¶ 7 & Ex. A.)  Petitioner was taken into custody at that time, and held under the authority of 8 U.S.C. § 1226(c).  (Id.)

---

or laws or treaties of the United States ... .

At an initial hearing, an Immigration Judge (IJ) found Petitioner removable as charged, but gave him the opportunity to apply for cancellation of removal under 8 U.S.C. § 1229b.  (Id. at ¶ 8 & Ex. C.)  The Government then moved to pretermit Petitioner's application, arguing that his prior convictions rendered him ineligible for relief.  (Id.)  On August 5, 2010, the IJ reiterated the prior finding of removability, found Petitioner statutorily ineligible for relief (including a waiver of inadmissibility) based on his conviction for a felony drug trafficking offense, and ordered Petitioner removed to Jamaica.  Id.  Petitioner appealed to the Board of Immigration Appeals (BIA), which dismissed his appeal on November 5, 2010.  (Id. at ¶ 9 & Ex. D.)  The BIA agreed with the IJ's finding that Petitioner was removable based on his 1990 conviction.  (Id.)  The BIA also found that Petitioner was not eligible for cancellation of removal, relying on Petitioner's testimony before the IJ that in 2008 he had been convicted of Conspiracy to Distribute Marijuana.  (Id.)

Petitioner filed a timely petition for review with the Third Circuit.  (Id. at ¶ 10.)  On January 20, 2011, the Government filed a Motion to Remand with the Third Circuit, asking the court to remand the case to the BIA to allow the BIA to reconsider certain of the findings in its November 5, 2010 order that were factually inaccurate.  (Id. at ¶ 10 & Ex. E.)  On March 3, 2011,

the Third Circuit granted that motion, and the case was remanded to the BIA. (Id. at ¶ 11 & Ex. F.) On June 13, 2011, the BIA then vacated its November 5, 2010 decision. (Id. at ¶ 12 & Ex. G.) The BIA noted that it had erroneously relied on Petitioner's testimony that in 2008 he had been convicted for the offense of Conspiracy to Distribute Marijuana, when in fact the 2008 conviction was for possession of marijuana. (Id.) The BIA found that on the record available to it, it could not determine whether this offense rendered Petitioner ineligible for relief, and therefore it remanded the case to the IJ to allow Petitioner to pursue his application for a waiver of inadmissibility, and to seek any other relief for which he could establish eligibility. (Id.)

On June 23, 2011, a hearing was held before the IJ at which Petitioner requested additional time to get an attorney, and the proceedings were adjourned to July 14, 2011. (Id. at ¶ 13.) On July 14, 2011, the IJ adjourned the proceedings until August 5, 2011. (Id. at ¶ 14.) On August 5, 2011 Petitioner again requested that the case be continued so that he could apply for a waiver of inadmissibility, and his request was granted until September 2, 2011. (Id. at ¶ 15.) On September 2, 2011, the IJ granted another continuance to Petitioner until September 16, 2011. (Id. at ¶ 16.) On September 16, 2011, the IJ found that Petitioner was removable based on his criminal convictions, and

Petitioner was granted a continuance to allow him to seek cancellation of removal. (Id. at ¶ 17.) Finally, on September 30, 2011 the IJ held that Petitioner had not established that he was eligible for either cancellation of removal or a waiver of inadmissibility, and again ordered Petitioner removed to Jamaica. (Id. at ¶ 18 & Ex. H.) Petitioner then filed a timely appeal to the BIA. (Id. at ¶ 19.) While that appeal was pending, on October 14, 2011, Petitioner filed the petition currently before this Court. (Docket Entry No. 1.) This Court entered an order to answer (Docket Entry No. 4) and on January 18, 2012, Respondents filed an answer to the petition (Docket Entry No. 11).

Thereafter, on January 26, 2012, Respondents filed a supplement to their Answer, stating that on January 24, 2012, the BIA dismissed Petitioner's appeal of the IJ's removal order. (Docket Entry No. 12.) Further, it appears from a review of the Third Circuit's docket that on February 6, 2012, Petitioner filed a motion for a stay of removal. Milson v. Attorney General United States, 12-1295 (3d Cir. February 6, 2012). On March 1, 2012, the Third Circuit denied Petitioner's request for a stay of removal. (Id.) In their January 26th submission, Respondents argue that Petitioner is now subject to a final order of removal and his detention is no longer governed by 8 U.S.C. § 1226(c), but instead by 8 U.S.C. § 1231(a) and therefore, the petition

5

should be dismissed as moot, premature, or otherwise non-justiciable. (Docket Entry No. 12.) Petitioner did not respond to this submission from Respondents.

## II. DISCUSSION

### A. Legal Standard

### 1. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), and he asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c) and violates his due process rights. See Zadvydas v. Davis, 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005).

**2. Mootness**

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. Const. Art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7, 118 S.Ct. 978 (citation and internal quotation marks omitted).

The statutory authority to detain an alien depends on where the alien is in the removal process.  Thus, to determine whether the case is moot requires an examination of the statutes governing an alien's detention.  Three relevant statutes govern an alien's detention during removal proceedings: Section 1226, Section 1231(a)(2) and Section 1231(a)(6).

8 U.S.C. § 1226 governs the pre-removal-period detention of an alien.  Generally, pursuant to Section 1226, the Attorney General has the authority to arrest and detain an alien pending a

decision on whether the alien is to be removed from the United States.  Section 1226 also sets certain parameters for pre-removal-period detention, including when detention is mandatory (such as in the case of criminal aliens) and when a bond hearing must be held.

The second relevant removal statute is 8 U.S.C. § 1231(a)(2).  Section 1231(a)(2) requires the Attorney General to detain aliens during the removal period, which lasts 90 days. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").  Under § 1231(a)(1)(B), the removal period begins at the latest of several events.  Specifically,

> [t]he removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The third relevant removal statute is 8 U.S.C. § 1231(a)(6). Section 1231(a)(6) provides the Attorney General with discretionary authority to detain aliens beyond the removal period, or release them under supervision.  Thus, if DHS does not

remove the alien within the 90 day removal period, then § 1231(a)(6) authorizes the Attorney General to either release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6); see Zadvydas, 533 U.S. at 678.

In Zadvydas, the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689, 121 S.Ct. 2491.  The Court cautioned that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by [§ 1231(a)(6) ]." Id. at 699, 121 S.Ct. 2491.  To guide habeas courts, the Court recognized six months as a "presumptively reasonable period" of post-removal-period detention.  Id. at 701, 121 S.Ct. 2491. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond

9

with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. See also Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 160 L.Ed.2d 734. 384 (2005).

**B. Analysis**

To determine whether Petitioner's present detention is still governed by Section 1226, this Court must determine whether or not the removal period has begun. As previously discussed, the removal period begins on the latest of three dates: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. See 8 U.S.C. § 1231(a)(1)(B).

Subsection (iii) does not apply to Petitioner, because he does not indicate that he was detained for non-immigration purposes. Subsection (ii) does not apply because, although it appears that Petitioner filed a petition for review which is pending before the Third Circuit, the Third Circuit denied his request for a stay of removal. Accordingly, in the absence of a stay, Petitioner's removal period is governed by subsection (i),

and began on the date the order of removal became administratively final, i.e., January 24, 2012 (when the BIA affirmed the order of removal).[2] Accordingly, Petitioner's 90-day removal period began on January 24, 2012, and expired on April 23, 2012. As of April 23, 2012, his detention was governed by 8 U.S.C. § 1231(a)(6). As previously stated, in Zadvydas, the Supreme Court held that a six-month period of detention is presumptively reasonable under § 1231(a)(6). Petitioner's present detention is authorized by § 1231(a)(6), and the presumptively reasonable six-month period of detention has not yet expired.

Although Petitioner's detention is no longer governed by § 1226(c), his § 2241 Petition is not necessarily moot. Cases that are "capable of repetition" while "evading review," Turner v. Rogers, ---U.S. ----, ----, 131 S.Ct. 2507, 2511, 180 L.Ed.2d 452 (June 20, 2011), fall within an exception to mootness. See Diop v. ICE/Homeland Security, 656 F.3d 221 (3d Cir. 2011). "This exception applies when '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action

---

[2] An order of removal becomes "final upon the earlier of—(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

11

again.'" Id. 656 F.3d at 227 (quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)).

Petitioner's case is distinguishable from that of the petitioner in Diop. In Diop, the Third Circuit held that a challenge to an 8 U.S.C. § 1226(c) detention was not moot even though the petitioner had been released from custody after determining that the challenge fell within the "special mootness exception for cases that are capable of repetition while evading review." 656 F.3d at 227 (internal citation and quotation omitted). However, unlike the Petitioner in this case, Diop was not subject to a final order of removal and had been released from detention after his criminal conviction was vacated. As a result, the Third Circuit found that Diop's claim was capable of repetition because the Government could once again detain him under § 1226(c) if the vacatur of his conviction was overturned on appeal. Id. at 228.

Since Petitioner is no longer detained under § 1226(c), and his case does not satisfy the "capable of repetition yet evading review" exception to mootness, this Court will dismiss the petition as moot.[3] See Rodney v. Mukasey, 340 Fed.Appx. 761, 764 (3d Cir. 2009) (appeal of order dismissing § 2241 petition

---

[3] The dismissal is without prejudice to the filing of a new § 2241 petition (in the district of Petitioner's detention) in the event that the DHS is unable to remove Petitioner under § 1231(a)(6), and Petitioner can assert facts showing good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future.

12

challenging pre-removal-period detention under 8 U.S.C. § 1226(c) became moot when BIA dismissed appeal from order of removal: "The injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by a favorable judicial decision"); Ufele v. Holder, 2012 WL 1065877 (3d Cir. March 30, 2012).  This Court will dismiss the Petition and deny Petitioner's request as moot.

## III. CONCLUSION

For the reasons set forth above, the Petition for writ of habeas corpus is dismissed as moot.


Dated: June 6, 2012

                                        s/Susan D. Wigenton
                                        SUSAN D. WIGENTON
                                        United States District Judge